Filed 2/10/22  P. v. Vargas CA4/2
See dissenting opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GEORGE VARGAS,<br><br>      Defendant and Appellant. | E077635<br><br>(Super.Ct.No. FVA011709)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, George Vargas, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. After defendant filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and requesting that we exercise our discretion to independently review the record. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant, a member of a criminal street gang, was sitting in the right front passenger seat of a vehicle from which one of the passengers in the back seat fired a gun. The vehicle drove up to two people walking down the street. Defendant told the shooter he should "'just fu---ing do it'" if one of the pedestrians said they were from a rival gang. The shooter said that he wanted to be the one to do the shooting. Defendant gave a gun to the shooter. (*Vargas*, *supra*, E029525.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of this court's prior nonpublished opinion in defendant's appeal from the original judgment. (*People v. Vargas* (Mar. 29, 2002, E029525) [nonpub. opn.] (*Vargas*); Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

Someone in the back seat asked the pedestrians where they were from. One of the pedestrians answered that he was from a rival gang. Immediately thereafter, the man in the back seat fired multiple shots from a gun. One of the pedestrians was shot and injured; the other was killed. (*Vargas*, *supra*, E029525.)

On February 7, 2001, a jury found defendant guilty of first degree murder (count 1, § 187, subd. (a)) and deliberate and premeditated attempted murder (count 2, §§ 664, 187, subd. (a)). The jury also found true allegations that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that a principal personally used a firearm (§ 12022.53, subds. (b), (e)(4)). The trial court sentenced defendant to imprisonment for an aggregate term of 90 years to life. (*Vargas*, *supra*, E029525.)

Defendant appealed contending there was insufficient evidence to support the jury's finding that the attempted murder was deliberate and premeditated; the trial court erred in admitting hearsay evidence; the trial court erred in failing to instruct the jury on second degree murder; the trial court improperly instructed the jury; there was cumulative error; the trial court erroneously imposed two, 25 years to life enhancements; and the trial court erred in failing to award defendant presentence conduct or work time credits. (*Vargas*, *supra*, E029525.)

By opinion filed March 29, 2002, this court struck the additional term of 25 years to life for the gang enhancement because it was undisputed that defendant did not personally use or discharge a firearm in the commission of the murder. This court also ordered the abstract of judgment to be modified to reflect that defendant was not eligible

3

for parole on his attempted murder conviction until he had served a minimum of 15 years. In all other respects, this court affirmed the judgment. (*Vargas*, *supra*, E029525.)

On April 29, 2019, defendant filed a form petition for resentencing pursuant to section 1170.95. Defendant attached a declaration to the petition declaring "that I qualify for [section] 1437 [relief] due to 'new evidence.' I should be allowed to get an attorney to investigate my new evidence and interview my codefendant, 'the actual killer.' He has retracted his 'false,' lies, testimony of handing him the weapon. [¶] Under, this new law, I can present new evidence even if its my own testimony and the actual killer's declaration, therefore, I need a lawyer and a private investigator to get the testimony of codefendant. [¶] New evidence is important for my resentencing hearing. He admitted he lied through letters and third party."

On June 24, 2019, the People filed a motion to strike defendant's petition based on the purported unconstitutionality of section 1170.95. The People requested the court take judicial notice of this court's opinion in *Vargas*, *supra*, E029525, and the court's own file in the case. The People attached as an exhibit, a copy of this court's opinion.

The court appointed counsel for defendant and repeatedly continued a hearing on the matter. On March 13, 2020, the People filed a formal, supplemental response contending the petition should be denied because defendant had failed to set forth a prima facie case for relief as a matter of law. The People again requested the court take judicial notice of this court's opinion in *Vargas*, *supra*, E029525, and the court's own file. The court then, again, repeatedly continued the matter.

4

On August 19, 2021, the court held a hearing on defendant's petition. Defense counsel observed that the jury had not been instructed on the natural and probable consequences doctrine. Nevertheless, defense counsel argued the jury "could have deliberated with the natural and probable consequence in mind on the act of handing the gun." This was because the jury was instructed with CALJIC 8.11, the prior version of CALCRIM 520,[3] which reads that with respect to proving murder, malice is implied, in part, when the "natural consequences of the act are dangerous to human life . . . ."

The People noted, "this is not a felony murder case. And it's not a natural and probable consequences case. That is shown by the record of conviction in this case . . . . With respect to the jury instructions, there was no instruction for felony murder or natural and probable consequences. . . . [¶] But, there was no specific instruction dealing with felony murder or natural and probable consequences that were given to the jury in this case. The theory of this case was simply directly aiding and abetting murder."

Moreover, the People argued, "there was substantial evidence of murder based upon the defendant's direct aiding and abetting. . . . The indication is that the codefendant . . . wanted to kill someone, and that the defendant handed him a gun in order to do that."

---

[3] CALCRIM 520 requires, in pertinent part, that the People prove, as an element of murder, that "[t]he natural and probable consequences of the [act] were dangerous to human life."

5

The court noted that it had "considered all documents and pleadings in this matter. The unpublished Court of Appeal decision and relevant statutory case law, as well as counsels' oral arguments." The court took judicial notice of the record in the case, and noted that it had "previously found the petition facially sufficient and appointed counsel to represent [defendant]."

The court observed that the sole issue before it was whether defendant had made a prima facie showing of entitlement to relief. The court noted it was required to review the statements in the petition as true unless the record of conviction refuted them. The court observed that it was "undisputed [defendant] was not the actual killer." However, "The People's closing argument and the jury instructions read to the jury conclusively shows that the jury could have convicted [defendant] of first degree murder only as a direct aider and abettor. . . . The jury was not instructed on felony murder under the natural and probable consequence doctrine . . . ."

The court further noted, "The CALJIC instruction that is similar to CALCRIM 520 does not change this. The reference to natural and probable consequence in that instruction does not make this case fall under [section] 1170.95." The court concluded, "The record shows [defendant] was convicted of first degree murder as direct aider and abettor to the actual shooter. Changes in the law do not invalidate murder convictions based on this theory; thus, as a matter of law, [defendant] has failed to make a prima facie showing he is entitled to any relief. Petition is hereby denied."

6

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order.  (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)  We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice."  (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)  This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.  Therefore, we exercise our discretion to independently review the

7

record for potential error pursuant to *People v. Kelly* (2006) 40 Cal.4th 106; having done so, we find no arguable issues.

### III.  DISPOSITION

The order judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

I concur:


FIELDS
J.

8

[*People v. Vargas*, E077635]

Slough, J., Dissenting.

I continue to agree with this court's holding in *People v. Scott* (2020) 58 Cal.App.5th 1127 that we should dismiss as abandoned *Anders*/*Wende*[1] appeals of postconviction orders denying Penal Code section 1170.95 resentencing petitions when we can "readily confirm that, in fact, the defendant is ineligible for relief as a matter of law." (*Scott*, at p. 1131, review granted Mar. 17, 2021, S266853.) And this is precisely such a case—our opinion on direct appeal demonstrates Vargas is categorically ineligible for resentencing because he *wasn't convicted on a felony murder or natural and probable consequences theory*.

The majority justify their opinion as providing Vargas an "extra layer" of due process, but process isn't "due" just because it's extra. I'm at a loss why the majority believes an eight-page opinion is needed to decide an appeal so patently meritless. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 ["Nothing is served by requiring a written opinion when the court does not actually decide any contested issues"].) In my view, the time it took to review the record and draft the majority opinion would have been better spent on the fully briefed appeals awaiting our review. I would dismiss the appeal as abandoned in a brief order.

SLOUGH _____
J.

_____

**1** *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

1